IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, Jr.,<br><br>        Plaintiff,<br><br>    v.<br><br>A. FERNANDEZ, et al.,<br><br>        Defendants. | CV F 08-1841 AWI DLB (PC)<br><br>ORDER DENYING RECONSIDERATION OF MAGISTRATE JUDGE'S DECISION TO DENY APPOINTMENT OF COUNSEL<br><br>Doc. # 54 |

       This is an action for violation of prisoner civil rights by plaintiff Ivan Ray Carter, Jr. ("Plaintiff") against defendants A. Fernandez and others ("Defendants"). On May 19, 2010, the Magistrate Judge issued an order denying Plaintiff's request for appointment of counsel. On July 20, 2010, Plaintiff filed the instant request for reconsideration. For the reasons that follow, the court will deny Plaintiff's motion for reconsideration.

## LEGAL STANDARD

       Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or

circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

## DISCUSSION

As the Magistrate Judge's order noted, there is no constitutional requirement for attorney representation of prison inmates in civil cases brought by the inmates. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Consequentially, there is no means at the court's disposal to pay for legal representation nor can the court require unpaid legal representation by an attorney. The only means by which legal representation can be obtained at no cost to the inmate is for the court to request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1); something a district court should do only in the most unusual of circumstances. Rand, 113 F.3d at 1525.

The court agrees with the Magistrate Judge's determination that the facts of Plaintiff's case, notwithstanding the seriousness of its allegations, are not out of the realm of factual allegations the court encounters in prisoner civil rights cases routinely. In his motion for reconsideration Plaintiff highlights his unfamiliarity with the law, the difficulties of access presented by incarceration, the nature of the acts alleged and the fact Plaintiff is afflicted with carpal tunnel syndrome. The court finds the Magistrate Judge's order addressed each of Plaintiff's contentions and correctly pointed out that none of the problems noted by Plaintiff, except for his carpal tunnel syndrome, are out of the ordinary in any way. The court also agrees with the Magistrate Judge's determination that Plaintiff's problems with carpel tunnel can be and are being adequately addressed by liberal granting of extensions of time for Plaintiff to file documents with the court.

The court finds that the decision of the Magistrate Judge to deny Plaintiff's request for appointment of counsel is neither clearly erroneous or contrary to law. Reconsideration of

the Magistrate Judge's order is therefore not warranted.

THEREFORE, for the reasons discussed, Plaintiff's request for reconsideration of the Magistrate Judge's denial of Plaintiff's request for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:    October 8, 2010

CHIEF UNITED STATES DISTRICT JUDGE