UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE NO. 1:08-CV-01841-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL, WITH LEAVE TO SUBMIT AMENDED MOTION WITHIN TWENTY DAYS |
| v. | |
| A. FERNANDEZ, et al., | (DOCS. 56, 68, 69) |
| Defendants. | |

**Order**

**I.    Background**

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed December 1, 2008, against Defendants A. Fernandez, R. Reynaga, H. Carrillo, L. Ceasear, and Darren Jones for violation of the Eighth Amendment.  Pending before the Court are Plaintiff's motions to compel, filed July 22, 2010, September 20, 2010, and September 22, 2010.  (Docs. 56, 68, 69.)  Defendants filed their oppositions on August 6, 2010 and October 4, 2010.  (Docs. 61, 71.)  Plaintiff filed a reply on October 12, 2010.  (Doc. 73.) The matter is submitted pursuant to Local Rule 230(1).

1

## II. July 22, 2010 Motion To Compel

Plaintiff filed a motion to compel the production of yard videotapes that recorded the alleged excessive force incident on April 13, 2007. (Mot. Compel, Doc. 56.) Plaintiff contends that Defendants have not produced the videotape. (*Id.*) Plaintiff does not attach Defendants' responses to his discovery requests.

Defendants contend that Plaintiff's motion is procedurally defective because it does not set forth each discovery request and Defendants' corresponding response. (Defs.' Opp'n 2:18-19, Doc. 61.) Defendants contend that Plaintiff's motion to compel fails to discuss why Defendants' responses were inadequate or why Plaintiff is entitled to further production. (*Id.* 2:24-26.) Defendants contend that Plaintiff's motion is meaningless because it fails to 1) inform the Court of Defendants' responses; 2) address the Defendants' objections in the context of each response; 3) summarize the factual information the Defendants provided in their responses; or 4) identify what additional information Defendants should be compelled to provide. (*Id.* 2:28-3:4.) Defendants do not submit their responses to Plaintiff's discovery requests.

Motions to compel discovery should identify specifically the portions of the responses that are inadequate, and explain what is necessary to make the responses adequate. *See* Local Rule 251(c) (requiring parties explain their contentions for each contested issue in the context of a discovery hearing). Without Defendants' responses to Plaintiff's discovery requests, the Court has no basis to rule on Plaintiff's motion to compel. Plaintiff's motion to compel, filed July 22, 2010, is thus denied.

## III. September 20, 2010 Motion To Compel

Plaintiff's September 20, 2010 motion to compel seeks further response to Plaintiff's second request for production of documents. (Mot. Compel, Doc. 68.) Plaintiff contends that Defendants failed to respond by September 13, 2010. (*Id.*) Defendants contend that they responded to Plaintiff's second request for production of documents on September 13, 2010, and submit proof of service. (Defs.' Opp'n 3:1-10; Angus Decl. ¶ 5, Ex. B.) Defendants did respond to Plaintiff's discovery request in a timely manner. Accordingly, Plaintiff's motion to compel, filed September 20, 2010, is denied as moot.

1  **IV.**     **September 22, 2010 Motion To Compel**

2         Plaintiff's September 22, 2010 motion to compel seeks to compel the production of April
3  14, 2007 and July 21, 2007 yard tapes. (Mot. Compel, Doc. 69.) Defendants reiterate their
4  argument that Plaintiff's motion is procedurally defective because it fails to set forth Defendants'
5  objections, address the objections in the context of each document request, or summarize the
6  factual information the Defendants provided in their responses. (Defs.' Opp'n 3:11-25.)  Again,
7  Defendants do not submit their responses, but contend that they did respond, either by objection,
8  substantive response, production of documents, or some combination thereof. (*Id.* 3:26-4:4.)

9         In reply, Plaintiff contends that he was provided access to an edited version of an
10 interview following the incident on April 14, 2007. He was not provided access to the interview
11 on July 21, 2007. Plaintiff contends that he was not provided with access to any videotapes
12 concerning the alleged April 13, 2007 excessive force incident in the yard.

13        As stated previously, without Defendants' responses to Plaintiff's discovery requests, the
14 Court cannot rule on Plaintiff's motion to compel, as there can be no determination of the
15 adequacy of Defendants' responses. Accordingly, Plaintiff's motion to compel, filed September
16 22, 2010, is denied.

17 **V.**     **Leave To File Amended Motion**

18        The preference of this Court is not to adjudicate motions for procedural defects that can
19 be readily cured, as is the case here. Thus, the Court will grant Plaintiff leave to amend his
20 motion to compel filed September 22, 2010. Plaintiff may amend his motion by submitting
21 Defendants' responses to his second request for production of documents. Defendants will then
22 have twenty days from the date of service of the amended motion to file an opposition.

23        IT IS SO ORDERED.

24        Dated:   **October 21, 2010**              **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE

3