1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9 | IVAN RAY CARTER, JR., | CASE NO. 1:08-CV-01841-AWI-DLB PC

10 |                Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS'

11 |        v. | MOTION FOR SUMMARY JUDGMENT BE DENIED

12 | A. FERNANDEZ, et al., |

13 |                Defendants. | (DOC. 76)

14 | | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS

15 | _____/ |

16 **Findings And Recommendations**

17 **I.    Background**

18       Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner in the custody of the California

19 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

21 on Plaintiff's complaint against Defendants A. Fernandez, R. Reynaga, and H. Carillo for

22 excessive force in violation of the Eighth Amendment, and against Defendant L. Ceaser and D.

23 Jones for failure to provide adequate medical care in violation of the Eighth Amendment.

24 Pending before the Court is Defendants' motion for summary judgment, filed November 17,

25 2010.  Defs.' Mot. Summ. J., Doc. 76.  Plaintiff filed his opposition on April 26, 2011.[1]  Pl.'s

26

27       [1]Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order
on May 6, 2009.  Second Informational Order, Doc. 12; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir.

28 1988).

1

1  Opp'n, Doc. 88.  No reply was timely filed.  The matter is submitted pursuant to Local Rule

2  230(l).

3  **II.    Summary Judgment Standard**

4          Summary judgment is appropriate when it is demonstrated that there exists no genuine

5  dispute as to any material fact, and that the moving party is entitled to judgment as a matter of

6  law.  Fed. R. Civ. P. 56(a).[2]  Under summary judgment practice, the moving party

7          always bears the initial responsibility of informing the district court of the basis
        for its motion, and identifying those portions of "the pleadings, depositions,
8          answers to interrogatories, and admissions on file, together with the affidavits, if
        any," which it believes demonstrate the absence of a genuine issue of material
9          fact.

10  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the

11  burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

12  in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

13  file.'"  *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for

14  discovery and upon motion, against a party who fails to make a showing sufficient to establish

15  the existence of an element essential to that party's case, and on which that party will bear the

16  burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential

17  element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  In

18  such a circumstance, summary judgment should be granted, "so long as whatever is before the

19  district court demonstrates that the standard for entry of summary judgment, as set forth in Rule

20  56(c), is satisfied."  *Id.* at 323.

21          If the moving party meets its initial responsibility, the burden then shifts to the opposing

22  party to establish that a genuine dispute as to any material fact actually does exist.  *Matsushita*

23  *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

24          In attempting to establish the existence of this factual dispute, the opposing party may not

25  rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the

26  form of affidavits, and/or admissible discovery material, in support of its contention that the

27

28          [2] The Federal Rules of Civil Procedure were updated effective December 1, 2010.

2

dispute exists.  Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 586-87 (citations omitted).

III.   **Statement Of Facts**[3]

On April 13, 2007, Plaintiff was a CDCR inmate incarcerated at Kern Valley State Prison's B yard ("KVSP").  Under prison regulations, inmates must promptly and courteously obey all written and verbal orders and instructions from staff.  *See* Cal. Code Regs. tit. 15, § 3005(b).  When an inmate does not comply with a lawful order, an officer may use reasonable force to gain compliance with the order.  *Id.* at § 3268(a)(1).  Per CDCR regulations defining "reasonable force," reasonable force includes, but is not necessarily limited to, "verbal persuasion or orders; physical strength and holds; chemical agents and/or other immobilization devices." *Id.* at § 3268(a)(6).

On April 13, 2007, Defendants Correctional Officers Carillo, Fernandez, and Reynaga were all assigned to KVSP's B yard.  On April 13, 2007, at approximately 1:10 p.m., Building 5 of B yard was being recalled from the yard.  Per KVSP policy, all inmates in B yard are to dress down to their boxers and be searched when going to and returning from yard.   On April 13, 2007, during yard recall at approximately 1:10 p.m., Defendants Fernandez, Carillo and Reynaga saw Plaintiff approaching the door of Building 5.

Plaintiff was fully dressed in state-issued blue jeans and shirt, carrying a stack of books and envelopes.  When Plaintiff was approximately two feet away from Defendant Fernandez and the B Facility door, Defendant Fernandez ordered Plaintiff to strip down to his boxers.  Defendant Fernandez issued the strip-down order to Plaintiff because Plaintiff was attempting to enter B Facility fully clothed in violation of prison policy.   Defendants contend that Plaintiff responded in an aggressive tone, "What the fuck am I suppose to do with my stuff!"  Plaintiff

---

[3]  All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence.  *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial").  Plaintiff does not provide a list of facts with which he admits or denies Defendant's statement of facts.  Plaintiff's verified complaint may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399 1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197 98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendant's motion for summary judgment.

1   contends that Defendant Fernandez approached Plaintiff in a hostile manner and with an

2   aggressive tone, instructing Plaintiff "to take his fucking clothes off, you know the fucking

3   rules." Pl.'s Compl. ¶ 10.  Plaintiff contends that he set his belonging on the floor.  Pl.'s Compl.

4   ¶ 11.  Defendants contend that Plaintiff threw the stack of books and envelopes on the floor.

5   Defendants contend that one of Plaintiff's books hit Defendant Fernandez's foot.  Defendants

6   contend that Plaintiff threw the stack of books with enough force that when the book hit

7   Defendant Fernandez's foot it caused pain.  Defendants contend that the books and papers on the

8   ground created a potential obstacle for Defendant Fernandez.  Defendant Fernandez approached

9   Plaintiff and with his right foot moved the stack of books and papers on the ground to his left.

10  Defendant Fernandez ordered Plaintiff to turn around and cuff-up.  Plaintiff contends that he

11  complied. Pl.'s Compl. ¶ 11.  Plaintiff contends that he began to get undressed, and since

12  Plaintiff was not moving fast enough, Defendant Fernandez kicked.  Pl.'s Compl. ¶ 10.

13  Defendants contend that Plaintiff made no effort to comply with Defendant Fernandez's order.

14  Defendants contend that Plaintiff aggressively and loudly stated that he would not be cuffed up.

15       Defendant Fernandez took a hold of Plaintiff's left arm in preparation to place Plaintiff in

16  handcuffs.  It is here that Defendants and Plaintiff's versions of events greatly differ.

17       Plaintiff contends that Defendant Fernandez began to apply pressure by squeezing

18  Plaintiff's arm and hand, causing undue pain and discomfort.  Plaintiff contends that he turned

19  his head to the left to see what the problem was, at which point Defendant Fernandez threw

20  Plaintiff to the ground and began to assault Plaintiff.  Plaintiff contends that Defendants Reynaga

21  and Carillo assisted Defendant Fernandez in the assault by dragging Plaintiff's head on the

22  ground causing three severe abrasions to Plaintiff's head with active bleeding.  Plaintiff contends

23  that he was repeatedly kicked and struck by blows, and kicked in his left eye, causing slight

24  swelling.  Defendant Reynaga and others kicked Plaintiff repeatedly in his sides while Defendant

25  Carrillo held Plaintiff after he had already been subdued and in mechanical restraints.  Plaintiff

26  contends that he suffered severe abrasions and a fractured rib.

27       Defendants contend that Plaintiff broke Defendant Fernandez's hold on his left arm by

28  turning around and lunging towards Defendant Fernandez's legs in a tackling motion.

1  Defendants contend that in an attempt to maintain control over Plaintiff, Defendant Fernandez

2  placed both of his hands on Plaintiff's back and put his upper body on top of Plaintiff's back to

3  force him down to the ground. Defendants contend that as Plaintiff and Defendant Fernandez fell

4  to the ground, Plaintiff's face and forehead struck the ground.  Defendants contend that Plaintiff

5  landed on the ground face-down with Defendant Fernandez on top of him with his upper torso on

6  Plaintiff's back. Defendants contend that Plaintiff kept resisting Defendant Fernandez's hold by

7  jerking his head and wriggling his body on the ground.  Defendants contend that Defendant

8  Reynaga then assisted Defendant Fernandez by cuffing and placing leg restraints on Plaintiff

9  while Defendant Fernandez continued to hold Plaintiff down on the ground.  Defendants contend

10  that Officer Williams and Defendant Reynaga then escorted Plaintiff to the Facility B program

11  office medical evaluation and administrative segregation placement.  Defendant Fernandez then

12  prepared CDC 115, Rules Violation Report, charging Plaintiff with battery on a peace officer

13  resulting in use of force. After a hearing on the 115 charges, Plaintiff was found guilty.

14         Defendants contend that they believed that Plaintiff's refusal to dress down to his boxers,

15  refusal to turn around and cuff up, throwing his books and papers to the ground, and physical

16  resistance when Defendant Fernandez attempted to cuff him up created a threat to safety of the

17  prison, staff and inmates. Defendants believe that Defendant Fernandez used the smallest amount

18  of force necessary to subdue Plaintiff.  Defendant Carillo contends that he never touched

19  Plaintiff.  Defendants contend that the only force Defendant Reynaga used was to use his body

20  weight to maintain control over Plaintiff while he placed Plaintiff in restraints.

21         Following the incident, Plaintiff was escorted to the program office for medical

22  evaluation.  Defendant Nurse Ceaser evaluated Plaintiff in the B Facility medical clinic.

23  Defendant Ceaser contends that she asked Plaintiff what happened, to which Plaintiff responded,

24  "No comment."  Plaintiff contends that he told Defendant Ceaser he was hurt, and complained of

25  shortness of breath and pain when inhaling, and that his rib injury was visibly protruding.  Pl.'s

26  Compl. ¶¶ 18-22.  Plaintiff contends that Defendant Ceaser provided no medical treatment.

27         Upon examination, Defendant Ceaser contends that she saw that Plaintiff had four

28  scratches: two on his head, one on his elbow, and one on his knee.  Defendant Ceaser contends

1  that the two scratches on Plaintiff's knee had active bleeding.  Defendant Ceaser contends that

2  she cleaned each scratch with gauze and sterilized water, and the two scratches on Plaintiff's

3  head stopped bleeding.  Defendants contend that Plaintiff did not require any further medical

4  treatment.  Defendants contend that Plaintiff did not suffer an eye or rib injury as a result of this

5  incident.  Defendant Jones contends that he did not see Plaintiff on April 13, 2007.  Plaintiff

6  contends that he informed Defendant Jones of his pain and that his rib was protruding, and

7  received no results, instead being told to submit a sick call slip if he wanted to see a doctor.  Pl.'s

8  Compl. ¶¶ 19-22.

9  **IV.   Analysis**

10        **A.      Favorable Termination Rule**

11          Defendants Carillo, Reynaga, and Fernandez contend that Plaintiff's claim of excessive

12  force is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

13  Where a § 1983 action seeking damages alleges constitutional violations that would necessarily

14  imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying

15  sentence or conviction has been invalided on appeal, by a habeas petition, or other similar

16  proceeding.  *Id.* at 483-87.  The favorable termination rule applies to prisoner disciplinary

17  proceedings.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that claim of for

18  monetary and declaratory relief challenging validity of procedures used to deprive prisoner of

19  good-time credits is not cognizable under § 1983); *see also Wilkinson v. Dotson*, 544 U.S. 74,

20  81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior

21  invalidation)    no matter the relief sought (damages or equitable relief), no matter the target of

22  the prisoner's suit (state conduct leading to conviction or internal prison proceedings)    *if* success

23  in that action would necessarily demonstrate the invalidity of confinement or its duration.")

24  (emphasis in original).

25          Defendants contend that Plaintiff's claim of excessive force arises from the same incident

26  which resulted in Plaintiff's conviction for battery of a peace officer.  Mem. P. & A. Support

27  Mot. Summ. J. 6:20-9:22.  Thus, Defendants contend, Plaintiff's claim fails pursuant to the

28  favorable termination rule of *Heck*.  *Id.*  Plaintiff's opposition is not informative.

1   However, Defendants' argument is unavailing.  Defendants have not demonstrated that

2   Plaintiff's possible success in this § 1983 action would necessarily affect Plaintiff's length of

3   confinement.  *See Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) (holding that "the

4   favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or

5   administrative sanction that does not affect the overall length of the prisoner's confinement"); *see*

6   *also Wilkinson*, 544 U.S. at 81-82.  There is no showing that Plaintiff lost good-time credits or

7   otherwise had his length of confinement affected as a result of his conviction for the CDC 115

8   charge of battery.  Without such showing, the favorable termination rule is not applicable.  *See*

9   *Ramirez*, 334 F.3d at 856 (finding that "nothing in [*Preiser v. Rodriguez*, 411 U.S. 475 (1973)],

10  *Heck*, or *Edwards* holds that prisoners challenging the conditions of their confinement are

11  automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas

12  corpus.  Rather, the applicability of the favorable termination rule turns solely on whether a

13  successful § 1983 action would necessarily render invalid a conviction, sentence, or

14  administrative sanction that affected the length of the prisoner's confinement.").   Accordingly,

15  Defendants' argument fails, and Defendants' motion for summary judgment on this ground

16  should be denied.

17      **B.      Excessive Force**

18      Defendants Carillo, Reynaga, and Fernandez next contend that their use of force was

19  reasonable under the circumstances.  "What is necessary to show sufficient harm for purposes of

20  the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim

21  at issue . . . ."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  "The objective component of an

22  Eighth Amendment claim is . . . contextual and responsive to contemporary standards of

23  decency."  *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of

24  force to cause harm always violates contemporary standards of decency, regardless of whether or

25  not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.

26  2002) (holding that Eighth Amendment excessive force standard examines *de minimis* uses of

27  force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives

28  rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition

8

1  of cruel and unusual punishments necessarily excludes from constitutional recognition de

2  minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the

3  conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

4      "[W]henever prison officials stand accused of using excessive physical force in violation

5  of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

6  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

7  cause harm." *Id.* at 6-7. "In determining whether the use of force was wanton and unnecessary,

8  it may also be proper to evaluate the need for application of force, the relationship between that

9  need and the amount of force used, the threat reasonably perceived by the responsible officials,

10 and any efforts made to temper the severity of a forceful response." *Id.* at 7 (internal quotation

11 marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth

12 Amendment inquiry, but does not end it." *Id*

13          **1.     De Minimis Force**

14     Defendants contend that the only medical evidence indicates that Plaintiff suffered only

15 four superficial scratches. Defs.' Mem. P. & A. 11:7-24. Defendants thus contend that the use of

16 force was *de minmis*. *Id.* If the Court were to only examine Defendants' version of events, this

17 may be so. However, the evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at

18 255, and all reasonable inferences that may be drawn from the facts placed before the court must

19 be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587. Here, Plaintiff in his

20 verified complaint declared that as a result of the alleged assault by Defendants, he suffered three

21 severe abrasions to his head which actively bled, and a protruding rib, which caused him pain.

22     Defendants contend that Plaintiff may not provide a medical opinion. Defs.' Mem. P. &

23 A. 11:7-24. However, Plaintiff does not need medical knowledge to provide a lay opinion

24 regarding whether he suffered abrasions to his head which actively bled and a protruding rib

25 which caused him pain. *See* Fed. R. Evid. 701 (lay witness may form opinions rationally based

26 on perception of the witness and not based on scientific, technical, or other specialized

27 knowledge). Drawing all reasonable inferences in favor of Plaintiff as the opposing party, the

28 Court finds that there is a genuine dispute of material fact as to whether Defendants' use of force

1   was *de minimis*.  Defendants' motion for summary judgment on this ground should be denied.

2                    **2.      Excessive Force**

3          Defendants next contend that the use of force was not excessive under the circumstances.

4   Defs.' Mem. P. & A. Support Mot. Summ. J. 11:26-14:5.  Again, however, Plaintiff in his

5   verified complaint provides evidence to the contrary.  Plaintiff contends that after Defendant

6   Fernandez grabbed Plaintiff's left arm, Defendant Fernandez began to apply pressure by

7   squeezing Plaintiff's arm and hand, causing undue pain and discomfort.  Plaintiff contends that

8   he turned his head to the left to see what the problem was, at which point Defendant Fernandez

9   threw Plaintiff to the ground and began to assault Plaintiff.  Plaintiff contends that Defendants

10  Reynaga and Carillo assisted Defendant Fernandez in the assault by dragging Plaintiff's head on

11  the ground causing three severe abrasions to Plaintiff's head with active bleeding.  Plaintiff

12  contends that he was repeatedly kicked and struck by blows, and kicked in his left eye, causing

13  slight swelling.  Defendant Reynaga and others kicked Plaintiff repeatedly in his sides while

14  Defendant Carrillo held Plaintiff after he had already been subdued and in mechanical restraints.

15  Plaintiff contends that he suffered severe abrasions and a fractured rib.  Drawing all reasonable

16  inferences in favor of the non-moving party, the Court finds that there is a genuine dispute of

17  material fact as to whether Defendants' use of force was excessive.  Defendants' motion for

18  summary judgment on this ground should be denied.

19                   **3.      Defendant Carillo**

20         Defendant Carillo contends that there is no evidence to suggest that he failed to protect

21  Plaintiff from harm.  Defs.' Mem. P. & A. Support Mot. Summ. J. 14:7-17:12.  However, as

22  seen above, Plaintiff has presented evidence to indicate that Defendant Carillo was an active

23  participant in assaulting Plaintiff.  Drawing all reasonable inferences in favor of the non-moving

24  party, the Court finds that there is a genuine dispute of material fact as to whether Defendant

25  Carillo violated Plaintiff's Eighth Amendment rights.  Defendant's motion for summary

26  judgment on this ground should be denied.

27

28

C.   **Medical Care**

Defendants Ceaser and Jones contend that they did not violate Plaintiff's Eighth Amendment rights regarding his medical care.  Defs.' Mem. P. & A. Support Mot. Summ. J. 20:6-12.  The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants contend that Defendant Jones was not liable as he was not involved in treating Plaintiff.  Plaintiff presented evidence indicating that he informed Defendant Jones of his pain and that his rib was protruding, and received no results, instead being told to submit a sick call slip if he wanted to see a doctor.  This is sufficient to draw the inference that Plaintiff had made Defendant Jones aware of a serious risk to his health, and that Defendant Jones disregarded it.  Drawing all reasonable inferences in favor of the non-moving party, the Court finds that there is a genuine dispute of material fact as to whether Defendant Jones violated Plaintiff's Eighth

1    Amendment rights.

2           Defendants contend that Plaintiff had the opportunity to indicate his rib injury to

3    Defendant Ceaser, but did not do so.  However, Plaintiff has presented evidence that he did

4    inform Defendant Ceaser of his injuries and pain, but that she failed to provide any medical care.

5    This is sufficient to draw the inference that Plaintiff had made Defendant Ceaser aware of a

6    serious risk to his health, and that Defendant Ceaser disregarded it.[4]  Drawing all reasonable

7    inferences in favor of the non-moving party, the Court finds that there is a genuine dispute of

8    material fact as to whether Defendant Ceaser violated Plaintiff's Eighth Amendment rights.

9    Defendants' motion for summary judgment should be denied on this ground.

10          **D.**    **Qualified Immunity**

11          Defendants contend that they are entitled to qualified immunity.  Defs.' Mem. P. & A.

12   Support Mot. Summ. J. 17:14-18:16; 22:7-16.  Government officials enjoy qualified immunity

13   from civil damages unless their conduct violates "clearly established statutory or constitutional

14   rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800,

15   818 (1982).  In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the

16   light most favorable to the party asserting the injury, the facts alleged show the defendant's

17   conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in*

18   *part by Pearson v. Callahan*, 129 S. Ct. 808, 813 (2009) ("*Saucier* procedure should not be

19   regarded as an inflexible requirement").  The other inquiry is whether the right was clearly

20   established.  *Saucier*, 533 U.S. at 201.  The inquiry "must be undertaken in light of the specific

21   context of the case, not as a broad general proposition . . . ."  *Id.*  "[T]he right the official is

22   alleged to have violated must have been 'clearly established' in a more particularized, and hence

23   more relevant, sense:  The contours of the right must be sufficiently clear that a reasonable

24   official would understand that what he is doing violates that right."  *Id.* at 202 (citation omitted).

25

26          [4]  The declaration by Chief Medical Officer Lopez is unavailing here.  Defendant Lopez declares that
     Plaintiff's rib injury is a pre existing injury from a gunshot wound he had suffered, and should not be causing any
27   pain.  Defs.' Mot. Summ. J., S. Lopez Decl. ¶ 9, Doc. 76 7.  Plaintiff provides evidence to the contrary in the form of
     his verified complaint.  Pl.'s Compl. ¶¶ 18 23.  Plaintiff may provide a lay opinion as to whether his rib was
28   protruding and causing pain.  *See* Fed. R. Evid. 701.

1   In resolving these issues, the court must view the evidence in the light most favorable to plaintiff

2   and resolve all material factual disputes in favor of plaintiff. *Martinez v. Stanford*, 323 F.3d

3   1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or

4   those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

5           Here, based on the evidence presented, Defendants are not entitled to qualified immunity.

6   Drawing all reasonable inferences in favor of Plaintiff as the non-moving party, there is a

7   genuine dispute of material fact as to Plaintiff's claims for excessive force and deliberate

8   indifference to a serious medical need. The facts alleged, when construed in the light most

9   favorable to Plaintiff, demonstrate a violation of the Eighth Amendment by Defendants. Such

10  Eighth Amendment rights are clearly established. *See*, *e.g.*, *Hudson*, 503 U.S. at 8 (excessive

11  force); *Farmer*, 511 U.S. at 834 (deliberate indifference).

12  **IV.    Conclusion And Recommendation**

13          Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for

14  summary judgment, filed November 17, 2010, should be DENIED.

15          These Findings and Recommendations will be submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-**

17  **one (21) days** after being served with these Findings and Recommendations, the parties may file

18  written objections with the Court. The document should be captioned "Objections to Magistrate

19  Judge's Findings and Recommendations." The parties are advised that failure to file objections

20  within the specified time may waive the right to appeal the District Court's order. *Martinez v.*

21  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22          IT IS SO ORDERED.

23    **Dated:   May 24, 2011              /s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28