# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE NO. 1:08-CV-01841-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 87) |
| v. | |
| A. FERNANDEZ, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for reconsideration, filed April 12, 2011. Doc. 87. Plaintiff seeks reconsideration of the Magistrate Judge's February 1, 2011 Order, which denied Plaintiff's November 1, 2010 motion to compel.

Rule 72(a) states in pertinent part: "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see* 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct

1 independent review of purely legal determinations by a magistrate judge. *Id.*

2  Plaintiff contends in his motion for reconsideration that the Magistrate Judge erred in his ruling. First, Plaintiff's motion for reconsideration is untimely. *See* L.R. 303(b) ("Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge").

 Second, Plaintiff provides no good cause for reconsideration. Plaintiff did not explain why Defendants' discovery responses were insufficient in his November 1, 2010 motion to compel. The Magistrate Judge properly denied Plaintiff's motion. Thus, the Magistrate Judge's order was not clearly erroneous or contrary to law.

 Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed April 12, 2011, is DENIED.

IT IS SO ORDERED.

Dated:  June 30, 2011

CHIEF UNITED STATES DISTRICT JUDGE