IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | 1:08-cv-01841-DLB (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR COURT-ORDERED PHONE CALLS (DOC. 99) |
| v. | |
| A. FERNANDEZ, et al., | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. 103) |
| Defendants. _____ / | |

**I.    Motion For Phone Calls**

On November 2, 2011, Plaintiff filed a motion requesting that the Court order phone calls for Plaintiff at his prison.  Doc. 99.  The Court construes this as a motion for preliminary injunction.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*, 555 U.S. at 24.  An injunction may only be awarded upon a clear showing that the movant is entitled to relief.  *Id.* at 22.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

Plaintiff is requesting 120 days of access to phone calls to prepare for his case, including

locating an expert witness, an investigator, communication with Defendants' counsel, and to seek counsel. Plaintiff is currently incarcerated at California Substance Treatment Facility ("CSATF"). Plaintiff's action occurred at Kern Valley State Prison. The Court lacks jurisdiction over any prison officials at CSATF. Accordingly, Plaintiff's motion, filed November 2, 2011, is denied.

**II.     Motion For Appointment Of Counsel**

On November 21, 2011, Plaintiff filed a motion seeking the appointment of counsel. Doc. 103. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:     **January 4, 2012**                    /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE