# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE NO. 1:08-cv-01841-SKO PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR INMATE CLYDE RAINEY TO TESTIFY VIA VIDEOCONFERENCE |
| v. | |
| A. FERNANDEZ, et al., | (Docs. 123 and 124) |
| Defendants. | |

During the telephonic trial confirmation hearing held on March 2, 2012, the Honorable Dennis L. Beck granted Plaintiff's motion for the attendance of inmate witness Clyde Rainey at trial on April 17, 2012. Defendants moved to have inmate Rainey testify from California State Prison-Sacramento by videoconference. Fed. R. Civ. P. 43(a). Judge Beck directed Defendants to determine whether Plaintiff and inmate Rainey could confer by telephone prior to trial, should the Court grant the request.

In compliance with Judge Beck's directive, Defendants' counsel notified the Court via email on March 6, 2012, that due to safety and security concerns, Plaintiff and inmate Rainey will not be permitted to confer by telephone prior to trial.

///
///
///
///
///
///

1

1    The Court is generally disinclined to permit witness testimony via videoconference, see Fed. R. Civ. P. 43(a) (testimony by contemporaneous transmission from a different location rather than in open court may be permitted for good cause in compelling circumstances with appropriate safeguards), and in light of the inability to accommodate a telephonic pre-trial meeting between Plaintiff and his witness, Defendants' motion for inmate Rainey to testify via videoconference is HEREBY DENIED.[1]

IT IS SO ORDERED.

**Dated:   March 11, 2012**                             /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The decision whether accommodating a telephonic meeting between inmates would present a risk to institutional safety and security rests with the sound discretion of prison officials and the Court does not second-guess their judgment that it will in this instance. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).