# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE NO. 1:08-cv-01841-SKO PC |
| Plaintiff, | ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER AND X-RAY FILM ISSUE, AND (2) OVERRULING AND DENYING PLAINTIFF'S OBJECTIONS AND MOTIONS REGARDING YARD TAPES AND FOR A CONTINUANCE, WITH PREJUDICE |
| v. | |
| A. FERNANDEZ, et al., | |
| Defendants. | |
| | (Docs. 125, 127, 135, 136, 141, and 143) |

**Order Overruling Objections and Denying Motions**

I. **Relevant Procedural History**

    A. **Summary of Pending Objections and Motions**

Pending before the Court are Plaintiff's objections to the pretrial order and Plaintiff's objections and motions relating to yard tapes of the incident of force which occurred on April 13, 2007. This matter is set for jury trial on April 17, 2012, and on March 2, 2012, the telephonic trial confirmation hearing was held before the Honorable Dennis L. Beck. During the hearing, Plaintiff raised the issues of x-ray films and yard video tapes. Both issues are the subject of various objections and motions, summarized as follows.

On March 6, 2012, Plaintiff filed an objection to Defendants' alleged destruction of the yard tapes, taking the position that Defendants destroyed the tapes and he only learned of the destruction during the trial confirmation hearing on March 2, 2012. (Doc. 125.)

On March 8, 2012, Plaintiff filed a motion seeking the production of the policy governing the handling of the yard tapes and a response regarding when the tapes were destroyed. (Doc. 127.)

Thereafter, Plaintiff received the pretrial order, filed on March 6, 2012, in which the Court denied his request for further discovery as set forth in his pretrial statement. In response, on March 13, 2012, Plaintiff filed timely objections to the pretrial order as it relates to denying his motion for further discovery and bifurcating the punitive damages phase. (Doc. 135.) Plaintiff also objected to the non-production of x-ray films, an issue discussed during the trial confirmation hearing.

Also on March 13, 2012, Plaintiff filed a motion seeking entry of judgment in his favor based on the destruction of the yard video tapes, which he describes as a key piece of evidence that would have shown Defendants assaulting him. (Doc. 136.) Plaintiff asserts that not until the trial confirmation hearing did anyone inform him that the tapes had been destroyed and he was therefore deprived of his opportunity to prevent the destruction of the tapes. Plaintiff also seeks to compel the production of the policy on maintaining and destroying video tapes.

Defendants filed a response to Plaintiff's objection/motion on March 15, 2012, and Plaintiff filed a reply on March 23, 2012. (Docs. 137, 141.)

Finally, on March 28, 2012, Plaintiff filed a motion seeking a continuance of the trial date to investigate the destruction of the yard tapes and requesting that the Court review the transcript of the trial confirmation hearing.[1] (Doc. 143.)

### B.  Summary of Discovery Phase

The Court has reviewed the motions filed and the rulings made during discovery. A summary of the issues relevant to Plaintiff's pending objections and motions is as follows.

On September 14, 2009, the Court issued a scheduling order which, in relevant part, opened discovery and set the discovery deadline for May 17, 2010. On October 15, 2009, the Court issued an amended scheduling order extending the deadline to June 15, 2010. On August 4, 2010, the Court granted Plaintiff's motion to modify the scheduling order and it extended the discovery deadline to September 15, 2010.

On three occasions during discovery, Plaintiff filed motions to compel and the yard tapes were the subject of all three motions. On October 22, 2010, the Court denied Plaintiff's motions on

---

[1] In resolving Plaintiff's objections and motions, the Court has reviewed the CD of the trial confirmation hearing, which was electronically recorded.

procedural grounds and granted Plaintiff twenty days within which to file an amended motion to compel curing the procedural deficiencies, which arose from Plaintiff's failure to include a copy of Defendants' responses to his request for the production of the yard tapes.

On November 1, 2010, Plaintiff filed an amended motion to compel, and the Court denied Plaintiff's motion on the merits on February 1, 2011. Plaintiff filed a motion for reconsideration of the ruling on April 12, 2011, and the Honorable Anthony W. Ishii denied Plaintiff's motion on July 1, 2011.

## II. Objections to Pretrial Order

Plaintiff objects to the following rulings made in the pretrial order: (1) denial of his motion for further discovery, and (2) bifurcation of the punitive damages phase, if any. Plaintiff also objects to the ruling during the trial confirmation hearing regarding x-rays films taken on May 3, 2007. Because Plaintiff raises all three objections in the same filing, the Court will address them together, although the issue of the x-ray films was discussed during the hearing rather than addressed in the pretrial order.

### A. Denial of Motion for Further Discovery

The discovery phase of this litigation closed on September 15, 2010, with the exception of allowing Plaintiff leave to file an amended motion to compel, discussed above. Plaintiff cured the procedural deficiency at issue and his motion was thereafter denied on the merits. Plaintiff sought reconsideration of the denial which was denied by Judge Ishii.

Thus, Plaintiff had the opportunity to conduct discovery, his motion to compel was denied on the merits, and his motion for reconsideration was denied. There is no basis for allowing Plaintiff to conduct discovery on the eve of trial and his objection to the pretrial order is overruled. Fed. R. Civ. P. 16(e); Local Rule 283.

### B. Bifurcation of Punitive Damages Phase

Plaintiff's objection to the bifurcation of the punitive damages phase is also overruled. Fed. R. Civ. P. 16(e); Local Rule 283. Bifurcation of the punitive damages phase is the standard practice in this court in cases such as this and Plaintiff merely expresses disagreement without identifying any legal basis for his disagreement.

### C. X-Ray Films

Finally, Plaintiff objects to the availability of the films from his May 3, 2007, x-ray, an issue Judge Beck addressed during the trial confirmation hearing. Plaintiff seeks to have the x-ray films produced at trial. However, as explained by Judge Beck, the films are in the possession of Kern Radiology, which took the films, and they are not part of Plaintiff's prison medical file maintained by the California Department of Corrections and Rehabilitation.

Plaintiff has the report from Kern Radiology interpreting the films. To obtain the actual films, he would have needed to seek them during discovery via a subpoena duces tecum to Kern Radiology. Fed. R. Civ. P. 45. As Plaintiff does not have a medical expert scheduled to testify on his behalf and he is not competent to interpret the x-ray films, the value of the films to Plaintiff is questionable at best, but regardless, discovery is closed and the time to have sought the x-ray films from Kern Radiology has passed.[2] Therefore, Plaintiff's objection regarding the x-ray films is overruled.

### III. Objections and Motions Regarding Yard Tapes

At issue are the alleged video tapes of the incident of force which occurred on the yard at Kern Valley State Prison (KVSP) on April 13, 2007. Plaintiff believes that the tapes existed and he contends that during the trial confirmation hearing, Defendants' counsel admitted for the first time that the tapes had been destroyed.

As an initial matter, a final determination on Plaintiff's motion to compel the yard tapes was made more than one year ago when his motion to compel was denied. As previously set forth, Plaintiff subsequently sought reconsideration and that motion was denied; thus, discovery is now closed. Plaintiff may not, on the eve of trial, seek to re-argue these issues or conduct new and/or further discovery.

Regarding Plaintiff's allegation that Defendants destroyed the video tapes and only acknowledged the destruction for the first time during the trial confirmation hearing, Plaintiff's position is not supported by the Court's review of the trial confirmation hearing. In response to

---

[2] Plaintiff may examine Defendants' medical expert, if one appears at trial. (Doc. 124, Pretrial Order, fn. 2.)

4

Judge Beck's inquiry, Defendants' counsel stated that KVSP does not maintain yard video tapes and there is no video of the incident of force on the yard.

In response to Plaintiff's motions alleging destruction of evidence, Defendants submitted evidence that KVSP does not have video cameras installed on the yards nor did it in 2007. (Doc. 137-1, Response, Adams Dec., ¶4.) Since KVSP does not have video cameras on the yard, there is no video tape of the yard incident and there is no policy on the retention and destruction of such video tapes. (Id., ¶5.)

As set forth during the hearing, Plaintiff is basing his belief that video tapes of the incident on the yard existed on the word of jailhouse lawyers, who informed him that such tapes are made. However, conjecture on the part of Plaintiff does not bring into dispute the evidence that there never were any video tapes because there were and are no cameras on the yard. In addition, Plaintiff's contention that Defendants' counsel stated the tapes had been destroyed is belied by the Court's review of the hearing. Counsel stated that KVSP does not maintain yard tapes, which is not an admission that such tapes existed but were destroyed.

Therefore, Plaintiff's objections and motions regarding the yard tapes and the yard tape retention and destruction policy are overruled/denied, and Plaintiff's motion seeking a continuance to investigate is denied. The Court will not entertain any further motions on this subject. Discovery is closed, Plaintiff's motion regarding production of the tapes was ruled on during the discovery phase, and Plaintiff's contention that the tapes were destroyed and counsel admitted to the destruction during the trial confirmation hearing is unsupported.

**IV.   Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's objections to the pretrial order and objection regarding the production of x-ray films, filed on March 13, 2012, are overruled, with prejudice;

2. Plaintiff's objections and motions regarding the production of the yard tapes and the production of the yard tape retention and destruction policy, filed on March 6, 8, 13, and 23, 2012, are overruled/denied, with prejudice; and

///

3. Plaintiff's motion for a continuance, filed on March 28, 2012, is denied, with prejudice.

IT IS SO ORDERED.

**Dated:     April 4, 2012**                              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE