1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   IVAN RAY CARTER, JR.,                    CASE NO. 1:08-cv-01841-SKO PC

10                  Plaintiff,               ORDER DENYING PLAINTIFF'S MOTIONS
                                             IN LIMINE
11          v.
                                             (Docs. 107, 108, and 126)
12   A. FERNANDEZ, et al.,

13                  Defendants.
     _____/

14

15   **I.    Plaintiff's Motions in Limine**

16          **A.    Introduction**

17          Plaintiff Ivan Ray Carter, Jr. is a California state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is proceeding on

19   Plaintiff's complaint, filed on December 1, 2008, against Defendants A. Fernandez, R. Reynaga, and

20   H. Carillo for excessive force in violation of the Eighth Amendment, and against Defendants L.

21   Ceaser and D. Jones for failure to provide adequate medical care in violation of the Eighth

22   Amendment.  Plaintiff's claims arise from events which occurred at Kern Valley State Prison in

23   Delano, California on April 13, 2007, and this matter is set for jury trial on April 17, 2012.

24          Pending before the Court are Plaintiff's motions in limine, filed on December 13, 2011, and

25   on March 7, 2012.  Defendants filed an opposition on March 28, 2012.

26          **B.    Motion to Exclude Irrelevant Evidence**

27          Plaintiff seeks to exclude any evidence from his prison central file which is irrelevant to his

28   claims.  (Doc. 108.)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without evidence, and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401, and "[r]elevant evidence is admissible unless" otherwise excluded under the law, Fed. R. Evid. 402.  Thus, Plaintiff's general motion to exclude irrelevant evidence from his central file is denied as unnecessary.  To the extent that Plaintiff believes specific evidence offered at trial is irrelevant, he may object at trial.

### C.    Motion to Exclude Conviction

Plaintiff also seeks to exclude any evidence of his criminal conviction.  (Doc. 108.)

As discussed by Judge Beck during the trial confirmation hearing, Defendants may seek to introduce the fact of Plaintiff's felony conviction, and Defendants represented that they do not intend to introduce any details of Plaintiff's conviction offense.  Plaintiff expressed his understanding of those concepts during the hearing.

Pursuant to Rule 609(a)(1)(A), Plaintiff's felony conviction is admissible to impeach his credibility.  Defendants intend to introduce only the fact of Plaintiff's conviction and not the details underlying the conviction, and given that Plaintiff is currently incarcerated and his legal claims in this action arose from events which occurred in prison, the fact of Plaintiff's felony conviction will be apparent to the jury.  Under the circumstances, the fact, but not the details, of Plaintiff's conviction is admissible for the limited purpose of impeaching his credibility and Plaintiff's motion is denied.  Fed. R. Evid. 403, 609(a)(1)(A).

### D.    Motion to Exclude Testimony of and Evidence Provided by Dr. Lopez

Plaintiff seeks to exclude any testimony by Sherry Lopez, Chief Medical Officer, and any evidence provided to Defendants by Dr. Lopez on the ground that it was "illegally obtained" because Plaintiff did not release his medical information.  (Doc. 107.)

Assuming Plaintiff has a right to privacy in his prison medical records, Plaintiff put his medical condition directly at issue in this action and for that reason, his position that Defendants may not introduce any evidence based upon his relevant medical records is untenable.  E.g., Heilman v. Vojkufka, No. CIV-S-08-2788 KJM EFB P, 2011 WL 677877, at *2 (E.D.Cal. 2011); Kent v. Cummings, No. CV-09-1616-PHX-JWS (LOA), 2010 WL 2643538, at *5-6 (D.Ariz. 2010); Frye

1    v. Ayers, CIV S-99-0628 LKK KJM, No. 2009 WL 1312924, at *2 (E.D.Cal. 2009); Sedaghatpour

2    v. State of California, No. C 07-1802 WHA (MEJ), 2007 WL 4259214, *1 (N.D. Cal. 2007); Allen

3    v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, *6 (E.D. Cal. 2007); Hutton v. City

4    of Martinez, 219 F.R.D. 164, 166-67 (N.D.Cal. 2003); Soto v. City of Concord, 162 F.R.D. 603, 618

5    (N.D.Cal. 1995). Accordingly, Plaintiff's motion to exclude Dr. Lopez's testimony and any evidence

6    she provided to Defendants on the ground of privacy is denied. As previously stated, Plaintiff may

7    object at trial to any evidence he believes is irrelevant.

8           **E.**    **Rules Violation Report and Video Taped Interview**

9         Finally, Plaintiff moves to exclude (1) CDCR Form 115, Rules Violation Report log number

10   FB-07-04-019, dated April 13, 2007, and (2) the video taped interview of Plaintiff conducted by Lt.

11   D. Schroeder and recorded by Sgt. C. Jose, identified as Defendants' Exhibits 1 and 6 in the pretrial

12   order. (Doc. 126.) Plaintiff contends that both are hearsay and he will be unable to cross-examine

13   Schroeder or Jose.

14        In their opposition, Defendants argue that their witnesses will lay the foundation and establish

15   the authenticity of both items of evidence; the Rules Violation Report falls with a hearsay exception;

16   Plaintiff's statements in the interview are party admissions; and the statements of Schroeder and Jose

17   will not be offered for the truth of the matter asserted.

18        Turning first to the video taped interview, hearsay is an out-of-court statement offered for

19   the truth of the matter asserted and it is not admissible unless otherwise provided under the law. Fed.

20   R. Evid. 801(c), 802. An opposing party's statement is not hearsay, however, and Plaintiff may not

21   move to exclude his own statements, offered by Defendants against him, on the ground of hearsay.

22   Fed. R. Evid. 801(d)(2). Further, statements by Schroeder and Jose not offered for the truth of the

23   matter asserted are not hearsay. Therefore, Plaintiff's motion to exclude the video taped interview

24   is denied.

25        Plaintiff's motion to exclude the Rules Violation Report as hearsay is also denied. The report

26   itself is a business record and therefore falls within an exception to the hearsay rule. Fed. R. Evid.

27   803(6). Without knowing how Defendants intend to use the record or which parts they intend to

28   ///

offer, the Court reserves for trial any further ruling on whether the report itself contains hearsay (hearsay within hearsay or double hearsay).  Fed. R. Evid. 805.

**II.**   **Order**

　　　　For the reasons set forth above, Plaintiff's motions in limine, filed on December 13, 2012, and on March 7, 2012, are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:**    **April 4, 2012**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE