**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE NO. 1:08-cv-01841-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING DEFENDANTS' MOTIONS IN LIMINE |
| v. | |
| A. FERNANDEZ, et al., | (Docs. 128 and 129) |
| Defendants. | |

**I.   Defendants' Motions in Limine**

    **A.   Introduction**

Plaintiff Ivan Ray Carter, Jr. is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's complaint, filed on December 1, 2008, against Defendants A. Fernandez, R. Reynaga, and H. Carillo for excessive force in violation of the Eighth Amendment, and against Defendants L. Ceaser and D. Jones for failure to provide adequate medical care in violation of the Eighth Amendment. Plaintiff's claims arise from events which occurred at Kern Valley State Prison in Delano, California on April 13, 2007, and this matter is set for jury trial on April 17, 2012.

Pending before the Court are Defendants' motions in limine, filed on March 9, 2012. Plaintiff filed an opposition on March 28, 2012.

    **B.   Motion to Exclude Medical Testimony by Plaintiff**

Defendants seek to exclude medical testimony by Plaintiff because he is not qualified to offer expert testimony. (Doc. 128.) Plaintiff opposes the motion on the ground that his case depends on

his rib being "kicked outta place" by Defendants and he can testify that it was not protruding out of his side until after the incident. (Doc. 142.)

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to a clear understanding of the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, including that his rib was visibly protruding from his side following the incident. Id. However, Plaintiff may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, which generally includes any ultimate diagnosis, a cause and effect relationship, internal injuries, and/or interpretation of x-ray films or other medical records. Fed. R. Evid. 702.

Therefore, Defendants' motion is granted in so far as Plaintiff may not testify on matters which are within the purview of a medical expert. However, the Court reserves its ruling on anything more specific until trial, at which time it can assess whether the matters objected to would or would not be within Plaintiff's knowledge as a lay witness.

    **C.**    **Motion to Exclude Specific Exhibits**

        **1.**    **Exhibits A and B - Title 15 Regulations, Sections 3005(b) and 3273**

Plaintiff's Exhibits A and B are Title 15 Regulations, Sections 3005(b) and 3273. Section 3005 pertains to the conduct of inmates and parolees, and subsection (b) requires them to promptly and courteously obey all orders and instructions given by staff and employees. Cal. Code Regs., tit. 15, § 3005(b). Section 3273 pertains to the acceptance and surrender of the custody of inmates by wardens and superintendents. Tit. 15, § 3273.

Defendants contend that the regulations are irrelevant to Plaintiff's federal constitutional claims. Plaintiff argues that the regulations are relevant because they address the treatment of inmates.

The Court cannot discern the relevance of these state regulations to Plaintiff's claims that Defendants violated the Eighth Amendment of the United States Constitution by using excessive

physical force against him and by acting with deliberate indifference to his serious medical needs. Fed. R. Evid. 401. Plaintiff must prove the elements of each of his federal claims at trial and regulations governing inmate conduct and custody have no apparent relevance. Id. Therefore, Defendants' motion to exclude Exhibits A and B is granted.

### 2. Exhibits C and E - Portions of CDCR Form 115, Rules Violation Report log number FB-07-04-019, dated April 13, 2007

Defendants object to Plaintiff's use of only portions of this record as incomplete, duplicative, and containing hearsay.

In a separate order, Plaintiff's motion to exclude this exhibit, identified in the pretrial order as Defendants' Exhibit 1, was denied. The exhibit is a business record and to the extent the parties offer portions which contain an additional layer of hearsay, the opposing party may object at trial on that ground. Fed. R. Evid. 801(d)(2), 803(6), 805. As Defendants listed this as an exhibit, the Court anticipates a complete copy will be available and will be marked as a joint exhibit.

Defendants' motion to exclude Plaintiff's Exhibits C and E is denied for the foregoing reasons.

### 3. Exhibit D - Declaration of Inmate Witness Clyde Rainey

Inmate Clyde Rainey is being transported to trial to testify on Plaintiff's behalf. Plaintiff has identified Rainey's declaration as Exhibit D; Defendants object on the grounds of hearsay and that the declaration is duplicative, unfairly prejudicial, and will confuse the jury. Plaintiff argues that it is not hearsay, it will not confuse the jury, and Rainey has firsthand knowledge of events.

Rainey's declaration is hearsay, as it is an out-of-court statement Plaintiff intends to offer for the truth of the matter asserted. Fed. R. Evid. 801. Rainey will be testifying at trial and Plaintiff can question him directly on what he saw or heard. See Fed. R. Evid. 804(a) (hearsay exception where declarant unavailable). Therefore, the declaration is inadmissible and Defendants' motion to exclude it is granted.

### 4. Exhibit G - Portion of CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated April 13, 2007

Defendants object to this report on the grounds that it is incomplete and it contains inadmissible hearsay, identified in the motion as Defendant Fernandez's out-of-court statements.

The report itself is a business record and an out-of-court statement by an opposing party is not hearsay. Fed. R. Evid. 801(d)(2); Fed. R. Evid. 803(6).

Further, Defendants have identified this report in full as one of their exhibits, Exhibit 2 in the pretrial order. Therefore, as with the Rules Violation Report discussed above, the Court anticipates the full report will be available and will be marked as a joint exhibit.

Defendants' motion to exclude the report is therefore denied.

### 5. Exhibit H - CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, dated April 13, 2007, for Plaintiff

Defendants object to this exhibit on the grounds that it lacks foundation, contains admissible hearsay, and is irrelevant.

This exhibit is listed as Defendants' Exhibit 3 in the pretrial order. It is a business record and whether or not it contains an additional layer of hearsay cannot be determined at this juncture. Fed. R. Evid. 801(d)(2), 803(6), 805. To the extent it contains a statement by one or more of the Defendants to be offered against them, it is not hearsay. Fed. R. Evid. 801(d)(2). Given that it is a medical report made after the incident of force at issue here, it does not appear to be irrelevant. Further, Plaintiff argues that he intends to use it for impeachment.

Defendants' motion to exclude Exhibit H is denied. Defendants may object to its introduction at trial, should it appear, at that time, to be irrelevant or otherwise inadmissible.

### 6. Exhibits I, S, T, U, and V - Defendants' Declarations

Defendants move to exclude Exhibits I, S, T, U, and V, which are their declarations, as hearsay, unfairly prejudicial, and confusing to the jury. Plaintiff argues that he intends to use them for impeachment.

Defendants' statements, offered against them, are not hearsay, Fed. R. Evid. 801(d)(2), and it appears that Plaintiff only intends to use the declarations to impeach Defendants, should their testimony at trial be inconsistent with their declarations, Fed. R. Evid. 613(b), 801(d)(1).

Accordingly, Defendants' motion to exclude the declarations is denied. Should Plaintiff attempt to use the declarations at trial for a purpose which is objectionable, Defendants may object at that time.

### 7. Exhibits K, P, and W - Portions of CDCR 602, Inmate Appeal, Log Number KVSP-07-927, dated July 24, 2007

Defendants object to the introduction of this inmate appeal, which grieved Plaintiff's inability to view the video taped interview conducted on April 14, 2007, on the grounds that it contains multiple layers of hearsay and Plaintiff cannot lay the foundation.

Again, this exhibit is identified by Defendants as one of their exhibits. Therefore, the Court anticipates a complete copy will be identified as a joint exhibit.

The appeal is a prison record and it is subject to the parties' stipulation regarding the authenticity of prison records. Further, it is unclear why Plaintiff would not be competent to testify as to this appeal. The appeal is also a business record and to the extent it contains additional layers of hearsay or is irrelevant or otherwise objectionable, Defendants may raise those objections at trial.

Defendants' motion to exclude this exhibit is denied, subject to renewal at trial.

### 8. Exhibit L - Medical Report Dated September 12, 2000

Defendants object to this medical report, which is dated September 12, 2000, and is based on x-rays of Plaintiff's chest, on the grounds that it contains hearsay, Plaintiff cannot lay the proper foundation, and Plaintiff is not qualified to render an expert opinion on his medical issues. Plaintiff argues that the report shows he "was indeed shot," which he has never denied. (Doc. 144, Opp., p. 3.)

Plaintiff may not testify on medical issues that require an expert opinion. Fed. R. Evid. 701, 702. However, assuming the record is not part of Plaintiff's prison medical file and/or is not a prison record, it may be subject to authentication by distinctive characteristics, Fed. R. Evid. 803(4), Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 n.24 (9th Cir. 2002), and statements made for medical diagnosis or treatment present an exception to the hearsay rule, Fed. R. Evid. 803(4), 901(b)(4). Whether or not a medical record created approximately seven years prior to the events at issue here is relevant cannot be determined at this juncture, Fed. R. Evid. 401, 402, and therefore, Defendants' motion to exclude this exhibit is denied, subject to renewal at trial.

///

**9.     Exhibit M - Printout from medicinenet.com**

Exhibit M is a printout from medicinenet.com defining a comminuted fracture. Defendants object that the printout is irrelevant and Plaintiff lacks the medical expertise to lay the foundation for it. Plaintiff apparently seeks to use the document to illustrate the condition of his ribs before and after the incident.

The relevance of this document is not readily apparent to the Court, but regardless, it is unlikely that Plaintiff can authenticate it and it is hearsay. Fed. R. Evid. 401, 901(1). Further, Plaintiff may not testify as to matters which require an expert opinion.

Therefore, Defendants' motion is granted and the exhibit is excluded. In the unlikely event that Plaintiff intends to use the document for impeachment and he is able to satisfy the Federal Rules of Evidence in doing so, Plaintiff may seek to revisit the issue at trial. Fed. R. Evid. 607; Dorn v. Burlington Northern Sante Fe Railroad Co., 397 F.3d 1183, 1193 (9th Cir. 2005).

**10.     Exhibits N and O - Medical Records from Mercy Hospital and Kern Radiology**

As with the previous medical record, Defendants object to these medical records, dated May 3, 2009, and September 22, 2009, on the grounds that they contain hearsay, Plaintiff cannot lay the proper foundation, and Plaintiff is not qualified to render an expert opinion on his medical issues.

Plaintiff may not testify on medical issues that require an expert opinion, Fed. R. Evid. 701, 702, but non-CDCR medical records may be subject to authentication by distinctive characteristics, Fed. R. Evid. 803(4), Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011); Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 n.24 (9th Cir. 2002), and statements made for medical diagnosis or treatment constitute an exception to the hearsay rule, Fed. R. Evid. 803(4), 901(b)(4).

At this juncture, Defendants' motion to exclude these exhibits is denied, subject to renewal at trial.

**11.     Exhibit R - Portion of CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated April 13, 2007**

Finally, Defendants move to exclude Exhibit R, which is one page of the CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated April 13, 2007, on the grounds that it is

incomplete, contains inadmissible hearsay, and Plaintiff likely cannot lay the proper foundation.

As with other records, this report is identified as Defendants' Exhibit 2, and the Court anticipates the full report will be available and marked as a joint exhibit.

In addition, the report itself is subject to the parties' stipulation regarding authenticity and it is a business record. Fed. R. Evid. 803(6). To the extent it contains additional layers of hearsay or is irrelevant or otherwise objectionable, Defendants may raise those objections at trial.

Defendants' motion to exclude the report is denied.

## II. Order

For the reasons set forth above, Defendants' motions in limine, filed on March 9, 2012, are HEREBY GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to exclude medical testimony by Plaintiff is GRANTED in so far as Plaintiff may not testify on matters which are within the purview of a medical expert, but the Court otherwise reserves its ruling on anything more specific until trial;

2. GRANTED as to:
    a. Exhibits A and B - Title 15 Regulations, Sections 3005(b) and 3273;
    b. Exhibit D - Declaration of Inmate Witness Clyde Rainey;
    c. Exhibit M - Printout from medicinenet.com; and

3. DENIED, subject to renewal at trial, as to:
    a. Exhibits C and E - Portions of CDCR Form 115, Rules Violation Report log number FB-07-04-019, dated April 13, 2007;
    b. Exhibit G - Portion of CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated April 13, 2007;
    c. Exhibit H - CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, dated April 13, 2007, for Plaintiff;
    d. Exhibits I, S, T, U, and V - Defendants' Declarations;
    e. Exhibits K, P, and W - Portions of CDCR 602, Inmate Appeal, Log Number KVSP-07-927, dated July 24, 2007;

      f.      Exhibit L - Medical Report Dated September 12, 2000;

      g.      Exhibits N and O - Medical Records from Mercy Hospital and Kern Radiology; and

      h.      Exhibit R - Portion of CDCR Form 837, Crime Incident Report log no. FBP-07-04-0195, dated April 13, 2007.

IT IS SO ORDERED.

**Dated:**   **April 4, 2012**                    /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE